**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Caroline Dodd, and individually and on behalf of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:22-cv-04850 |
| v. | ) ) | (Circuit Court of Cook County, Illinois, |
| Adyen, Inc., a California corporation; and Karavites Management, Inc., a Illinois corporation, | ) ) ) ) | County Department, Chancery Division, Civil Action No. 2022-CH-07507) |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Defendant Karavites Management, Inc. ("Karavites" or "Defendant"), hereby effects the removal of this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division (the "State Court Action"), to the United States District Court for the Northern District of Illinois. Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action in which the proposed class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million. Venue is proper in this Court because it is the "district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a). As grounds for removal, Defendant states as follows:

## I.    STATE COURT ACTION

On August 2, 2022, Plaintiff Caroline Dodd ("Plaintiff") filed a putative Class Action Complaint in the State Court Action against Karavites and Adyen, Inc. Karavites was served with the complaint in the State Court Action on August 9, 2022. As Karavites understands it, Adyen,

Inc. was served a few days thereafter.[1] A copy of the complaint is attached as Exhibit A, and a copy of the docket in the State Court Action is attached as Exhibit B. Two days after the complaint was filed, on August 4, 2022, Plaintiff filed a Motion For Class Certification or, Alternatively, For a Deferred Class Certification Ruling Pending Discovery. To Defendant's knowledge, no substantive matters have been addressed by the state court. Pursuant to 28 U.S.C. § 1446(a), copies of all other process, pleadings, and orders that have been filed in the State Court Action and served upon Defendant are attached hereto as Exhibit C.

The complaint alleges that a supposed glitch in McDonald's mobile application (the "App"), "which allows consumers to place food orders directly from their mobile devices," results "in customers frequently having to pay for their orders at least twice." Compl., Ex. A ¶¶ 6, 17. Plaintiff asserts claims under several breach of contract and unjust enrichment theories, and under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 502/1 *et seq. See id.* ¶¶ 46–79.

Plaintiff purports to represent a class and subclass of similarly situated individuals pursuant to 735 ILCS § 5/2-801, defined as follows:

> The Class: All persons who, within the applicable statute of limitations, provided payment through the McDonald's mobile application for a food order but had to provide payment a second time when picking up their order.

> The Karavites Subclass: All persons within the state of Illinois who, within the applicable statute of limitations, provided payment through the McDonald's mobile application for a food order but had to provide payment a second time when picking up their order from a McDonald's restaurant operated by Defendant Karavites.

(*Id.* ¶ 38). Plaintiff seeks a variety of remedies on behalf of the proposed classes, including damages, disgorgement of profit, punitive damages, restitution, injunctive relief, and attorneys' fees. *Id.* ¶ 8.

---

[1] Though not required under 28 U.S.C. § 1446(b)(2)(A), Adyen consents to removal of this action.

## II.    REMOVAL IS PROPER UNDER CAFA (28 U.S.C. § 1332(d))

Section 1441(a) of the United States Code provides for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). This action is removable under § 1441, because the district courts of the United States have original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b).

Pursuant to § 1332(d), removal of this action is proper, because the district courts of the United States have original jurisdiction over any class action: (i) involving a plaintiff class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a state different from any defendant ("minimal diversity"); and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2) and (5).[2] All three conditions for jurisdiction are met in this action, and no CAFA exclusions bar removal of this case.

Under CAFA, there is no presumption against removal to federal court. *See Dart Cherokee Basin Operating Co v. Owens*, 574 U.S. 81, 89 (2014). Until and unless a plaintiff challenges removal, an assessment of the amount in controversy is based solely on the allegations of the complaint, rather than "evidentiary submissions." *Id.* at 84. In other words, a defendant need not offer evidence to substantiate the amount in controversy; rather, a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 84. "Evidence establishing the amount is required . . . only when the

---

[2] By demonstrating that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive, and expressly reserve, its arguments that there is no basis to certify a class in this matter.

plaintiff contests, or the court questions, the defendant's allegation." *Id*. That standard is met here.

### 1.    The action is a "class action" under CAFA.

CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

In the complaint, Plaintiff seeks class certification pursuant to Illinois state law (*see* Ex. A ¶¶ 38–45), which provides that "a party may sue or be sued as a representative party of the class only if the court finds: (1) The class is so numerous that joinder of all members is impracticable; (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; (3) The representative parties will fairly and adequately protect the interest of the class; and (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 Ill. Comp. Stat. § 5/2-801. These requirements are substantially similar to the requirements of Fed. R. Civ. P. 23. (*Compare* 735 Ill. Comp. Stat. § 5/2-801 *with* Fed. R. Civ. P. 23.), and thus 735 Ill. Comp. Stat. § 5/2-801 is a "similar State statute" under CAFA.

### 2.    Plaintiff has alleged that the proposed class is sufficiently numerous.

Plaintiff purports to bring this action on behalf of a nationwide class of "[a]ll persons who, within the applicable statute of limitations, provided payment through the McDonald's mobile application for a food order but had to provide payment a second time when picking up their order," as well as a "Karavites Subclass" of "[a]ll persons within the state of Illinois who, within the applicable statute of limitations, provided payment through the McDonald's mobile application for a food order but had to provide payment a second time when picking up their order from a

McDonald's restaurant operated by Defendant Karavites." Ex. A ¶ 38. Plaintiff alleges that "there are many thousands of members of the Class and Subclass." *Id*. ¶ 40.

While Defendant does not concede the truth of Plaintiff's allegations, those allegations establish that the proposed class satisfies CAFA's numerosity requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

### 3. The parties are minimally diverse.

The parties in this action satisfy CAFA's minimal diversity requirement, because at least one "member of [the] class of plaintiffs is a citizen of a State different from [at least one] defendant." 28 U.S.C. § 1332(d)(2)(A).

Defendant Adyen, Inc., is a California corporation with its principal place of business in San Francisco, California. *Id.* ¶ 9; *see also* Exhibit D. Defendant Karavites is an Illinois corporation with its principal place of business in Illinois. *Id.* ¶ 10; *see also* Exhibit E. The Defendants, therefore, are citizens of California and Illinois. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation "shall be deemed to be a citizen of every [s]tate . . . by which it has been incorporated and . . . where it has its principal place of business").

Plaintiff Caroline Dodd is a resident and citizen of the state of Illinois. Ex. A ¶ 11. Therefore, she is a resident of a different state of at least one defendant, Defendant Ayden, and the minimal diversity standard in satisfied. Additionally, she seeks to represent a proposed nationwide class comprised of "All persons who, within the applicable statute of limitations, provided payment through the McDonald's mobile application for a food order but had to provide payment a second time when picking up their order." Ex. A ¶ 38.

Because the proposed nationwide class includes individuals who are not citizens of California or Illinois, the minimal diversity requirement is also satisfied because at least one

5

proposed class member is diverse from at least one defendant. *See Devries v. Ulta Beauty, Inc.,* No. 18 C 1219, 2018 WL 11219629, at *1 (N.D. Ill. Apr. 30, 2018) ("Defendant alleged that it is a citizen of Illinois and Delaware and that at least one class member is diverse, because plaintiff alleged a nationwide class ….).

### 4.     Plaintiff has alleged that there is at least $5,000,000 in controversy.

The Seventh Circuit has "acknowledged the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims. The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties. This burden thus is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l,* 639 F.3d 761, 763 (7th Cir. 2011) (quotations and citations omitted). For this reason, "the allegations in the complaint alone are enough to show plausibly that more than $5 million is in controversy," and a defendant is "entitled to take at face value the complaint's allegation[s]." *Schutte v. Ciox Health, LLC*, 28 F.4th 850, 854–55 (7th Cir. 2022) (affirming order denying remand in CAFA removal case). Moreover, "it is well-settled that punitive damages . . . factor into the amount-in-controversy calculation." *Id*. (quotation omitted).

Without conceding any merit to Plaintiff's allegations, causes of action, claims for actual or punitive damages, or claim for injunctive relief, the amount placed in controversy by Plaintiff's complaint satisfies CAFA's jurisdictional threshold.

Although Plaintiff's complaint does not specify a precise amount of damages, she alleges a "design defect" in the McDonald's App that results in "customers frequently having to pay for their orders at least twice." Ex. A ¶¶ 6, 25. Plaintiff herself was allegedly charged twice for a $10.37 order. *Id.* ¶ 30. Plaintiff also alleges that McDonald's is "the largest American-based

multinational fast food chain restaurant in the world serving over 69 million customers daily in over 100 countries." *Id.* ¶ 14. Digital channels, including the App, comprise a significant percentage of McDonald's sales, totaling $6 billion in the second quarter of 2022 alone.[3]

In light of the volume of McDonald's sales processed through the App and the alleged frequency with which customers are charged twice for their orders (including Plaintiff's allegation that there are "*many thousands* of members of the Class and Subclass," *id.* ¶ 40 (emphasis added)), it is plausible that, taking Plaintiff's allegations as true solely for purposes of the instant analysis, "the stakes [of this litigation] exceed $5,000,000." *Bloomberg v. Service Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."). Plaintiff's request for punitive damages raises the amount in controversy even further, such that this case easily satisfies the jurisdictional threshold.

### 5. CAFA exclusions do not bar removal.

Sections 1332(d)(4), (d)(9), and 1453(d) of the United States Code identify exclusions to CAFA removal jurisdiction. This action does not fall within any of those exclusions. Section 1332(d)(4) bars district courts from exercising jurisdiction over a class action when, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A). Section 1332(d)(4)(B) similarly excludes from district court jurisdiction cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the

---

[3] *See* McDonald's Form 10-Q for the quarter ending June 30, 2022, *available at* https://d18rn0p25nwr6d.cloudfront.net/CIK-0000063908/6b365b7c-0230-4b69-9527-33020e68330a.pdf.

State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). It is Plaintiffs' burden to demonstrate that either exclusion applies. *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 680 (7th Cir. 2006).

Here, the complaint contains no allegations suggesting that more than two-thirds of the putative class are citizens of Illinois, and any argument for application of either CAFA exclusion would be based on pure speculation. *See In re Sprint Nextel Corp.*, 593 F.3d 669, 673–76 (7th Cir. 2010) (explaining that a plaintiff must establish that two-thirds of the class members are citizens of the forum state by a "preponderance of the evidence," and describing evidence that would suffice to meet this standard); *Gates v. Eagle Foods Grp., LLC*, 2021 WL 1340805, at *4 (N.D. Ill. April 9, 2021) (denying motion to remand where plaintiff failed to explain how he knew that two-thirds of the class were citizens of Illinois, which was "not surprising in light of his statement that he [did] not know the size of the class").

The exceptions to CAFA removal jurisdiction in §§ 1332(d)(9) and 1453(d) apply to matters that arise under the Securities Act of 1933 or the Securities Exchange Act of 1934. 28 U.S.C. § 1332(d)(9); 28 U.S.C. § 1453(d). This action was not brought pursuant to either of those Acts, and therefore those exceptions do not apply.

**6.      Venue is proper.**

The Northern District of Illinois is the proper venue for this action upon removal because this "district and division embrac[e]" the Circuit Court of Cook County. *See* 28 U.S.C. § 1441(a).

**7.      Defendant has satisfied all other requirements of the removal procedure.**

The Notice of Removal is timely filed. Defendant Karavites's counsel was served with the complaint in the State Court Action on August 9, 2022, and Defendant filed and served this Notice

of Removal within 30 days of this date, in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a).

As required by 28 U.S.C. § 1446(b), true and correct copies of all process, pleadings, and orders served upon Defendant is being filed herewith. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve on Plaintiff and file with the Circuit Court of Cook County a "Notice of Filing of Notice of Removal." Defendant will also include a certificate of service pursuant to Federal Rule of Civil Procedure 5(d).

No attorneys for Defendant have filed any substantive pleadings or other papers responding to the initial or amended complaint, in the State Court Action.

### III.    RESERVATION OF RIGHTS AND DEFENSES

Defendant hereby reserves all of its defenses and rights, and nothing in this petition for removal should be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Defendant's defenses.[4] *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

WHEREFORE, Defendant Karavites Management, Inc. hereby removes this action to this Court on the basis of the Court's original jurisdiction over the action under CAFA.

---

[4] For example, Defendant does not waive, and expressly reserve, their right to compel Plaintiff to arbitrate her claims.

Dated:  September 8, 2022                Respectfully submitted,

                                         O'HAGAN MEYER LLC

                                         By:  /s/  *Adam C. Decker*_____

Kevin M. O'Hagan
Adam C. Decker
O'Hagan Meyer, LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
Tel: 312-422-6100
Fax: 312-422-6110
KOHagan@ohaganmeyer.com
adecker@ohaganmeyer.com

Attorneys for Defendant Karavites
Management, Inc.

## **CERTIFICATE OF SERVICE**

I, Ericka M Bruce, a non-attorney, hereby certify that on this 8th day of September, 2022,

I caused a true and correct copy of the foregoing Notice of Removal to be served upon the

following counsel via electronic mail:

> Eugene Y. Turin
> Colin P. Buscarini
> Jordan R. Frysinger
> MCGUIRE LAW, P.C. (Firm ID: 56618)
> 55 W. Wacker Drive, 9th Fl.
> Chicago, IL 60601
> Tel: (312) 893-7002
> eturin@mcgpc.com
> cbuscarini@mcgpc.com
> jfrysinger@mcgpc.com
>
> Attorneys for Plaintiff

And upon the following defendant via U.S. mail and electronic mail:

> Adyen, Inc.
> 274 Brannan Street, Suite 600
> San Francisco, CA 94107
> Attn: Heidi Kalson, Counsel
> heidi.kalsen@adyen.com

*/s/ Ericka M. Bruce*