THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CAROLINE DODD, individually and on behalf of a class of similarly situated individuals, <br><br> *Plaintiff*, <br> v. <br><br> ADYEN, INC., a California corporation, and KARAVITES MANAGEMENT, INC., an Illinois corporation <br><br> *Defendants*. | No. 1:22-cv-04850 <br><br> Hon. Elaine E. Bucklo |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

### I. INTRODUCTION

On August 2, 2022, Plaintiff Caroline Dodd filed her Class Action Complaint in the Circuit Court of Cook County, Illinois, on behalf of herself and a putative class of similarly harmed individuals against Defendants Adyen, Inc. ("Adyen") and Karavites Management, Inc. ("Karavites") alleging that Defendants overcharged Plaintiff and other class members for orders placed through the McDonald's mobile app in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, and in violation of the common law doctrines of Breach of Contract, Breach of Implied Contract, and Unjust Enrichment. (Dkt. 1-1.) Defendants removed Plaintiff's Complaint to this Court on September 8, 2022, and moved to dismiss Plaintiff's Complaint on November 3, 2022. (Dkts. 22, 24.) In response to Defendant Adyen's Motion to Dismiss for lack of personal jurisdiction, Plaintiff moved for leave to conduct jurisdictional discovery (Dkt. 31), which this Court granted on December 13, 2022. (Dkt. 33.) Since that time Plaintiff has propounded jurisdictional discovery on Defendants and received numerous

responsive documents. In light of certain information produced by Defendants in the course of such discovery, Plaintiff now seeks leave to substitute Ashley J. Zappa as the named Plaintiff, and Adyen N.V. as Defendant. Because Adyen would suffer no prejudice in permitting Plaintiff leave to amend to name the very entity that Adyen stated in its motion to dismiss was the proper defendant, and because it would conserve judicial resources to permit Plaintiff leave to amend at this early stage of the litigation, Plaintiff now seeks leave to file her First Amended Complaint, a copy of which is attached hereto as Exhibit A.[1]

## II. LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Amendment under Rule 15 should be broadly construed with a liberal presumption in favor of granting motions for leave to amend. *Bressner v. Ambroziak*, 379 F.3d 478, 484 (7th Cir. 2004) (stating that under Fed. R. Civ. P. 15(a) there is a presumption in favor of liberally granting motions to amend filed prior to entry of judgment); *see also Runnion*, 786 F.3d at 518 (liberal standard for amending pleadings is the "best way to ensure that cases will be decided justly and on the merits"); *U.S. ex rel. Ceas v. Chrysler Group, LLC*, No. 12-cv-2870, 2015 WL 394100, at *11 (N.D. Ill. 2015).

Accordingly, leave to amend should be "liberally grant[ed]" absent "undue prejudice to the opposing party or undue delay, bad faith or dilatory motive on the part of the movant." *Sides v.*

---

[1] On April 21, 2023 counsel for Plaintiff provided counsel for Defendants the proposed First Amended Complaint and sought their consent to file it. On April 26, 2023 counsel for Adyen responded that they did not consent to its filing. On April 28, 2023, counsel for Karavites responded that they consented to Plaintiff's proposed amendment.

*City of Champaign*, 496 F.3d 820, 825 (7th Cir. 2007); *Eastern Natural Gas Corp. v. Aluminum Co. of Am.*, 126 F.3d 996, 999 (7th Cir. 1997).

While the consideration of undue prejudice is the factor that carries the greatest weight in the amendment analysis, *see U.S. ex rel. James Cape & Sons Co. v. Am. Home Assurance Co.*, No. 02-cv-1903, 2004 WL 1146318, at *2 (N.D. Ill. May 18, 2004), "the non-moving party bears the burden of showing undue prejudice as a result of the proposed amendment." *Dugan v. Selco Indus., Inc.*, No. 96-cv-8404, 1997 WL 701336, at *3 n.2 (N.D. Ill. 1997); *Brown v. Yellow Transp., Inc.*, No. 08-cv-5908, 2010 WL 2911786, at *2 (N.D. Ill. July 26, 2010); *but see King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994) (party seeking amendment has burden of showing lack of prejudice to non-movant).

In the absence of undue prejudice to the party opposing the motion or a showing of any of the other factors, leave should be freely given. *Eastern Natural Gas Corp.*, 126 F.3d at 999; *In re Abbot Depakote Shareholder Derivative Litig.*, 909 F. Supp. 2d 984, 1000 (N.D. Ill. 2012) ("District courts should *only* refuse to grant leave where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where amendment would be futile") (emphasis added). Nor is undue delay itself sufficient to deny granting leave to amend unless the delay is unduly prejudicial. *Wagner v. Magellan Health Servs., Inc.*, 121 F. Supp. 2d 673, 683–84 (N.D. Ill. 2000) (allowing plaintiff to amend pleadings despite inopportune timing of amendment because defendants failed to "show that they would be prejudiced by such an amendment.")

**III. ARGUMENT**

Plaintiff seeks leave to amend her Complaint to designate a new named Plaintiff to represent the Class, and to designate a new business entity, Adyen N.V., in place of the current

3

Defendant, Adyen, Inc. Plaintiff seeks these amendments in light of information provided by Defendants. While the initial 21-day period for Plaintiff to file an amended complaint as of right has passed, in an effort to conserve judicial resources, Plaintiff seeks leave to amend at this early stage of the case before their motions to dismiss are even fully briefed and any discovery as to the merits of the case. Because none of the factors that would make an amendment improper are present here – prejudice to the opposing party, undue delay, futility, bad faith or dilatory motive – Plaintiff should be permitted to file her First Amended Complaint.

    A.    <u>The amendment would not unduly prejudice Adyen</u>.

The primary consideration in determining whether to grant a motion for leave to amend is whether the opposing party will face undue prejudice as a result of the amended pleading. *American Home Assurance Co.*, 2004 WL 1146318, at *2 ("Undue prejudice 'is the most important factor in determining whether to allow an amendment to a complaint'") (quoting *Ameritech Mobile Communications, Inc. v. Computer Sys. Solutions, Inc.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999)). Courts have noted that because every amendment to a pleading will result in *some* inconvenience or prejudice to the nonmovant, a motion for leave to amend should only be denied when the inconvenience to the nonmovant rises to the level of *undue* prejudice. *Stephenson v. Hartford Life & Annuity Ins. Co.*, No. 02-cv-3917, 2006 WL 2349931, at *12 (N.D. Ill. Aug. 9, 2006) (citing *Alberto-Culver Co. v. Gillette Co.*, 408 F. Supp. 1160, 1162 (N.D. Ill. 1976) (granting leave to amend to add additional defendants and noting that every amendment inevitably results in some new discovery and/or some delay)).

Most importantly, courts in the Northern District of Illinois have found that no prejudice exists where the motion for leave to amend is filed before any established deadline for amending pleadings. *See Acosta v. Target Corp.*, No. 05-cv-7068, 2011 WL 2550754, *1 (N.D. Ill. 2011)

4

(granting leave to amend, in part, because the movant filed its motion within the deadline set by the parties and the court); *see also RR Donnelley & Sons Co. v. Xerox Corp.*, No. 12-cv-6198, 2013 WL 6645472, at *1–*2 (N.D. Ill. Dec. 16, 2013) (finding no undue prejudice where the parties mutually agreed to extend the deadline to amend and the motion for leave was filed within the deadline).

Here, this case is still at a very early stage procedurally, with Adyen's motions to dismiss not yet even having been fully briefed, no answer filed, and no discovery schedule set. Accordingly, Plaintiff's motion for leave to amend is timely, which, in and of itself, is strong evidence that Adyen will not be unduly prejudiced by the amendment. *See Acosta,* 2011 WL 2550754, at *1. Furthermore, and more critically, Adyen will not be unduly prejudiced because the proposed amendment removes it from the suit, eliminating any further obligations to participate in this case. At the same time, the proposed amended complaint is still based on the same underlying facts that are before the Court now, involving customers being double charged by the payment processor for food orders placed through the McDonald's mobile application. (Ex. A at ¶¶ 14–28.) In addition, the proposed new class representative, Ms. Zappa, alleges that she was subject to the same unlawful conduct, under the same circumstances as Ms. Dodd. (*Id.* at ¶¶ 29–35.) As such, because the proposed amendment does not impose any undue prejudice on Adyen at this very early stage of the litigation, motion for leave to amend should be granted.

B.   No undue delay or dilatory motive.

As Plaintiff is seeking to amend her Complaint before any deadline set by the Parties or ordered by the Court, Plaintiff has not unduly delayed in seeking this amendment. *See Hoenig v. Karl Knauz Motors, Inc.*, 983 F. Supp. 2d 952, 960 (N.D. Ill. 2013) (finding no undue delay in part because movant filed its motion for leave to amend within the parties' mutually agreed upon

5

deadline to amend pleadings); *Acosta,* 2011 WL 2550754, at *1. Furthermore, Plaintiff is seeking leave to amend to substitute Ms. Dodd and Adyen based on facts only recently disclosed by Defendant that challenge the merits of Ms. Dodd's individual claims and which reveal that Defendant's corporate structure better positions Adyen N.V. as the defendant in this case. As other courts have noted, "the Seventh Circuit has long and repeatedly held that if a named plaintiff falls short as a class representative, counsel should be allowed, if it can, to designate a new named plaintiff who better fits the bill." *Mervyn v. Nelson Westerberg, Inc.*, No. 11-cv-6594, 2016 WL 1270416, at *10 (N.D. Ill. Mar. 31, 2016) (internal citations omitted) (collecting authorities); *see also De Souza v. Pulte Home Corp.*, No. 08-cv-337, 2009 WL 10691178, at *2 (E.D. Cal. Feb. 6, 2009) ("It is proper to substitute named plaintiffs via a Rule 15 motion").

Additionally, Plaintiff has no dilatory motive in seeking to amend her Complaint. Indeed, to the contrary, Plaintiff is seeking this amendment before jurisdictional discovery has formally concluded, including even before taking any depositions of Defendants, in an effort to conserve the Parties' and the Court's resources and avoid the duplication of efforts that would otherwise be required if Mrs. Zappa was forced to bring her claims through a new suit. Nor does the proposed amendment alter any deadlines as the Court has yet to set any case management schedule.

    C.    <u>Plaintiff seeks to amend in good faith</u>.

As noted above, Plaintiff is seeking to amend her complaint in good faith in light of information revealed by Defendants and to avoid any unnecessary briefing regarding challenges to Plaintiff's claims. Plaintiff believes that it is in the best interest of the class and this litigation for her to be substituted by a named plaintiff who is more adequately situated to represent the putative Class and who Plaintiff believes is not subject to the same potential challenges on the merits of their claims. Plaintiff is likewise substituting the correct business entity in the place of

Adyen based on Adyen's own arguments in its motion to dismiss that it was Adyen, N.V. that contracted with McDonald's to process its mobile food orders. (*See* Mot. to Dismiss, Dkt. 24-1, at 3.) Importantly, the proposed First Amended Complaint does not add any new legal claims, but instead merely adds a new lead plaintiff to better represent the proposed class and names the proper party defendant, Adyen N.V., that Defendant Adyen itself avers is the correct defendant to be named.

        D.      <u>The amendment would not be futile</u>.

Finally, Plaintiff's proposed amendment is also not futile. The typical reasons for an amended pleading to be deemed "futile" are not present here. For example, the proposed newly named plaintiff's claims are not time-barred by a statute of limitation. *See, e.g., Kuhn v. United Airlines*, No. 10-cv-7171, 2012 WL 3582209, at *2 (N.D. Ill. Aug. 17, 2012). Nor does the proposed First Amended Complaint fail to state a valid theory of liability. *See, e.g., In re Brand Name Prescription Drugs Antitrust Litig.*, 177 F.R.D. 414, 423 (N.D. Ill. 1997). First, to the extent Adyen raises any arguments in opposition that go to the merits of the underlying claims brought in the First Amended Complaint, it is crucial to remember that adjudicating the merits of the proposed First Amended Complaint is improper at this stage. On a motion for leave to amend, the underlying merits of the proposed amendment are not at issue. *Schilke v. Wachovia Mortg., FSB*, 758 F. Supp. 2d 549, 554 (N.D. Ill. 2010) ("Futility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits") (citing *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992)); *see also Brooks ex re. Brooks v. U.S.*, 712 F. Supp. 667, 669 (N.D. Ill. 1989). Rather, the consideration is whether the amended pleading properly states a valid claim for relief. *Schilke*, 758 F. Supp. 2d at 554. The claims alleged in the proposed First Amended Complaint plainly allege Adyen, N.V.'s purported violation of ICFA and common law causes of

action when it unlawfully charged Ms. Zappa for orders placed through the McDonald's mobile application that she never received. (Ex. A at ¶¶ 44–67.) Given that Defendant Adyen itself argues that Adyen, N.V. is the proper entity responsible for processing the wrongful charges at issue, there is little question that the proposed First Amended Complaint sufficiently pleads a valid claim for relief on its face.

### IV. CONCLUSION

Because Plaintiff seeks amendment at a very early stage in the case, and because none of the elements weighing against granting leave to amend are present here, Plaintiff Caroline Dodd respectfully requests that this Court enter an Order (i) granting her Motion for Leave to File a First Amended Complaint; (ii) permitting her to file *instanter* the attached First Amended Complaint; and (iii) for whatever additional relief the Court deems reasonable and appropriate.

Dated: May 5, 2023 

Respectfully submitted,

CAROLINE DODD, individually and on behalf of a class of similarly situated individuals

By: /s/ Eugene Y. Turin
     One of Plaintiff's Attorneys

Eugene Y. Turin
Colin P. Buscarini
Jordan R. Frysinger
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
cbuscarini@mcgpc.com
jfrysinger@ mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

8

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 5, 2023, I caused the foregoing *Plaintiff's Motion for Leave to File First Amended Complaint and Memorandum of Law In Support* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/ Eugene Y. Turin